RULING ON PETITION FOR TERMINATION OF PARENTAL RIGHTS
On August 20, 1999, the Department of Children and Families ("DCF") filed a petition to terminate the parental rights of Sandra J., mother, and Richard W., father, to their child, Karari J. (D.O.B. October 11, 1989) (the "petition"). Previously, by order dated May 25, 2000. the court permitted Karari's maternal grandmother, Peggy J., to intervene as a party for dispositional purposes only.
Trial concerning the petition was held on July 18 and 19, 2000.[2] On July 18, 2000, Sandra J. presented her written consent to the termination of her parental rights. She was canvassed by the court and her consent was found to be knowing and voluntary. The court accepted her consent.
Previously, on March 7, 2000, Richard W.'s consent to the termination of his parental rights was accepted by the court. In view of the parents having consented to the termination of their rights, the subject of the trial was limited to the question of the disposition of the petition only. Three witnesses testified, including Peggy J., who was represented by counsel at the trial. Evidence was presented in documentary form as well, and, pursuant to motion, the court took judicial notice of other facts.
After having heard the witnesses, reviewed the evidence, and considered the arguments of counsel, the court finds as follows:[3]
1. Based on clear and convincing evidence, the court determines that it CT Page 8980 is in the best interest of Karari J. for termination of parental rights to enter with respect to the mother, Sandra J., and the father, Richard W.
2. Accordingly, the court hereby grants the petition to terminate the parental rights of Sandra J. and Richard W.
3. The court further orders that the Commissioner of DCF is appointed statutory parent to Karari. In view of their stated willingness to adopt Karari, the court directs that his foster parents. Mr. and Mrs. B., be given first consideration.
4. The court declines to issue an order concerning providing information to Karari about Sandra W.'s willingness to visit Karari. The court assumes that her counsel will communicate further on this subject to DCF. Whether or not such information will be conveyed to Karari will be up to those caring for Karari.
5. The Commissioner shall file with this court, no later than sixty days following the date of judgment, a written report of efforts to effect permanent placement and file the further reports as are required by state and federal law.
6. In view of her consent to the termination of her rights and in view of this ruling, Sandra J.'s Motion to Revoke Commitment, dated May 20, 1999, and her Motion for Custody, dated March 6, 2000, are denied.
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT